UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMAR SHAHID,<br><br>          Plaintiff,<br><br>     v.<br><br>JEFFREY BEARD,<br><br>          Defendant. | No. 2:15-cv-1075 AC P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons that follow, the undersigned recommends that this action be dismissed without leave to amend for failure to state a cognizable claim.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Nevertheless, because this action must be dismissed on the merits without leave to amend, the court declines to impose on plaintiff the in forma pauperis filing fee.

I. Screening of Complaint

    A. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

      B.  <u>Plaintiff's Allegations and Claims</u>

      In his complaint, plaintiff challenges the policy and/or practice of the California Department of Corrections and Rehabilitation (CDCR) to initially accord a higher classification score to younger inmates based on the assumption that they pose higher security threats.  Plaintiff alleges that application of this policy to younger inmates upon admission to CDCR results in their initial placement in a more restrictive setting with fewer opportunities for rehabilitation and vocational programs, with long-term consequences.  Plaintiff, who is now 32 years of age, states that he was admitted to CDCR at age 21, and classified according to the challenged system, resulting in diminished access to programming options.  Plaintiff states, "I am being punished, and have been punished for the past eleven years[,] based solely on my age . . . . Someone with the same exact sentence, criminal record and disciplinary history as myself would have a lower classification score if they were 40 years old and would be placed in a less restrictive housing unit [upon admission to CDCR]."  ECF No. 1 at 4.  Plaintiff asserts that this disparity is "unequal and discriminatory," in violation of his due process and equal protection rights under the Fourteenth Amendment.  <u>Id.</u> at 3-4.  The only defendant named in the complaint is CDCR Secretary Jeffrey Beard.  Plaintiff seeks injunctive relief (elimination of the challenged policy and/or practice), and "$10,000 in compensatory damages for lost wages and rehabilitation for the equal protection violations over the past eight years."  <u>Id.</u> at 3.

      C.  <u>Screening</u>

      The undersigned finds that the complaint fails to state a cognizable civil rights claim and cannot be cured by amendment.

      To state a federal due process claim, a prisoner must allege that a federally-protected liberty interest was denied without adequate procedures to ensure a fair result.  <u>See</u> <u>Sandin v. Connor</u>, 515 U.S. 472, 483-84 (1995); <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-66 (1974).  Here, plaintiff does not identify a federally-protected liberty interest.  State-created liberty interests protected by the federal Due Process Clause are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin</u>, 515 U.S. at 484.  Ordinary incidents of prison life include the

legitimate penological goal of assessing, from a practical standpoint, the potential security threat of every prisoner.  Moreover, it is well established that prisoners have no federally-protected liberty interest in their classification status.  See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  For these reasons, the complaint fails to state a federal due process claim, which cannot be cured by amendment.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  The Supreme Court has held that state-created discrimination on the basis of age need pass only a rational-basis assessment.  Nevada Dept. of Human Resources v. Hibbs, 538 U.S. 721, 735 (2003).  Pursuant to this assessment, a state practice premised on age distinctions will be upheld "if there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational. . . . [A] plausible reason [includes] . . . any reasonably conceivable state of facts that could provide a rational basis for the classification."  Armour v. City of Indianapolis, 132 S. Ct. 2073, 2080 (2012) (citations and internal quotation marks omitted).  Under these standards, even if CDCR routinely accords higher classification scores to younger inmates upon commitment, resulting in greater hurdles for these inmates to participate in vocational, rehabilitation and other similar programs, such discrimination is rationally related to the legitimate penological goal of maximizing inmate and institutional security and safety, and is therefore valid.  For these reasons, the complaint fails to state a federal equal protection claim, and cannot be cured by amendment.

II. Conclusion

"A district court may deny leave to amend when amendment would be futile."  Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").  Because plaintiff is unable to allege any facts, based upon the circumstances he challenges, that

////

1 would state a cognizable federal claim, the undersigned recommends that this action be dismissed
2 with prejudice.
3      In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court shall
4 randomly assign a district judge to this action.
5      Further, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice
6 for failure to state a cognizable claim.
7      These findings and recommendations are submitted to the United States District Judge
8 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
9 after being served with these findings and recommendations, plaintiff may file written objections
10 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
11 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
12 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
13 (9th Cir. 1991).
14 DATED: May 28, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE